1

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

BERNARDO MURILLO ARENAS,            )
9                                   )
          Petitioner,               )
10                                  )
          v.                        )     CIV 08-02311 PHX PGR (MEA)
11                                  )
CHARLES L. RYAN and                 )     REPORT AND RECOMMENDATION
12 ARIZONA ATTORNEY GENERAL,        )
                                    )
13        Respondents.              )
   _____ )

14

15 TO THE HONORABLE PAUL G. ROSENBLATT:

16        On or about December 18, 2008, Petitioner filed a *pro*

17 *se* petition seeking a writ of habeas corpus pursuant to 42

18 U.S.C. § 2254.  Respondents filed an Answer to Petition for Writ

19 of Habeas Corpus ("Answer") (Docket No. 10) on May 8, 2009.

20 Respondents contend the petition must be dismissed because it

21 was not filed within the statute of limitations specified by the

22 Antiterrorism and Effective Death Penalty Act.  Petitioner filed

23 a reply ("Reply") in response to the answer to his petition on

24 May 22, 2009.  See Docket No. 11.

25        **I Procedural History**

26        A Maricopa County grand jury indictment issued June 30,

27 1999, charged Petitioner with seven felony counts of sexual

28 conduct with a minor, attempted sexual conduct with a minor, and

sexual abuse.  <u>See</u> Answer, Exh. A & Exh. D at 1.  The charges involved incidents, including anal sex, taking place over several months in 1997 and involved Petitioner's biological daughter, who was approximately eleven years old in 1997.  <u>Id.</u>, Exh. A; Reply, Exh. 4.

On October 8, 1999, Petitioner entered into a written plea agreement with the state regarding the disposition of these charges.  Answer, Exhs. B & Exh. C; Reply, Exh. 3.  A plea hearing was conducted on October 8, 1999, at which hearing a translator was present.  Answer, Exh. B & Exh. C; Reply, Exh. 3. The trial court informed Petitioner, through the interpreter, of his right to a jury trial on the charges against him and his right to an appeal, and also explained Petitioner was waiving these rights by pleading guilty.  Answer, Exh. C & Reply, Exh. 3.

Through the translator, Petitioner agreed to plead guilty to three of the seven counts of the indictment, i.e., one count of sexual conduct with a minor under the age of 15 and two counts attempted sexual conduct with a minor under the age of 15.  Answer, Exh. B at 1; Exh. C at 2.  In return for Petitioner's guilty plea to these charges the state agreed to drop the remaining four charges of the indictment.  <u>Id.</u>, Exh. B at 1; Exh. C at 3.  With regard to sentencing, the written plea agreement provided Petitioner would be sentenced to no less than the 20-year presumptive term of imprisonment on the conviction for sexual conduct with a minor.  <u>Id.</u>, Exh. B at 1.  The plea agreement also provided Petitioner would be sentenced to

lifetime supervised probation pursuant to both of the other two convictions.  See id., Exh. B at 1.

A presentence report was prepared.  Reply, Exh. 4.  A sentencing hearing was conducted on December 3, 1999, with the assistance of a translator.  After noting both the aggravating circumstance of repeated offenses and the harm to the victim and the mitigating factor that Petitioner had no previous criminal record, the trial court sentenced Petitioner to the 20-year presumptive term pursuant to his conviction for sexual conduct with a minor and to terms of lifetime-probation on the other two counts of conviction.  Answer, Exh. E at 13-14; Exh. F at 3-4.  At that time, the trial court also notified Petitioner of his right to seek post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure.  Reply, Exh. 5 at 15.

Because Petitioner waived his right to a direct appeal of his convictions and sentences in his plea agreement, a state action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, was Petitioner's first available action "as of right" to challenge his convictions and sentences. Petitioner did not timely file a state action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure.

On October 30, 2007, approximately eight years after his convictions and sentences were final, Petitioner filed an action in the Maricopa County Superior Court seeking post-conviction relief pursuant to Rule 32.  Answer, Exh. G & Exh. L at 1; Reply, Exh. 7.  Petitioner acknowledged this action was

untimely, but asserted one of the exceptions to the timeliness rule applied to his case, i.e., that there was newly discovered evidence.   Answer, Exh. G.   Petitioner also alleged that the failure to timely file the post-conviction action was not his fault and that there had been a significant change in the law, citing Blakely v. Washington.   Id., Exh. G at 3.   Petitioner further asserted that his plea was not voluntary or intelligently made because the proceeding occurred in English. Additionally, Petitioner maintained he was not informed of his right to a jury determination of the factors used to aggravate his sentence and that he was in fact denied this right. Petitioner also alleged in his Rule 32 action that he was denied his right to the effective assistance of counsel.   Id., Exh. G.

The state trial court dismissed Petitioner's Rule 32 action on December 6, 2007.   See Petition, Exh. D.   The state trial court found the petition was not timely and that Petitioner had not stated a valid exception to the timeliness rule.   Id., Exh. D.   The state court also noted that Petitioner's claim pursuant to Blakely did not render the petition timely because Blakely was not to be applied retroactively.   Id., Exh. D.   Petitioner sought review of this decision by the Arizona Court of Appeals, asserting in his appellate brief that he had been denied his Sixth Amendment right to a jury trial.   Answer, Exh. H.   The Arizona Court of Appeals summarily denied review in Petitioner's state Rule 32 action on October 28, 2008.   Petition, Exh. E.

In his federal habeas action Petitioner asserts his First Amendment right to the "redress of grievances and access to the courts" has been violated. Petitioner also asserts he is entitled to relief because his right to due process of law and his right to equal protection of the laws were violated. Petitioner further contends his sentences violate his right to be free of double jeopardy. Additionally, Petitioner maintains he was denied his right to a jury trial and his right to confront the witnesses against him. Petitioner further contends he was denied his right to the effective assistance of counsel. The undersigned notes Petitioner does not clearly challenge his convictions, but instead argues his sentences are invalid.

**II Analysis**

**The petition is barred by the statute of limitations**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2)(2006 & Supp. 2008). See also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir.), cert. denied,

129 S. Ct. 397 (2008).

Because Petitioner pled guilty and thereby waived his right to a direct appeal, Petitioner's convictions and sentences became final when the time expired for filing his first action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007) (holding that, in Arizona, the statute of limitations began to run upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review."). Petitioner was sentenced on December 3, 1999, and he had until March 2, 2000, to file a state Rule 32 action. See Ariz. R. Crim. P. 32.4 (2000). Accordingly, Petitioner had one year from that date, i.e., until March 2, 2001, to file his section 2254 petition seeking federal habeas relief. See Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001).

Petitioner did not file a federal habeas petition on or before March 2, 2001. Additionally, Petitioner's action seeking state post-conviction relief, filed in October of 2007, more than six years after the statute of limitations expired, could not and did not restart the already-expired statute of limitations for filing Petitioner's federal habeas action. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). A state-court petition that is filed after the expiration of the statute of limitations under the AEDPA does not revive the running of the

-6-

limitations period.  <u>See</u> <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001); <u>Fisher v. Gibson</u>, 262 F.3d 1135, 1142-43 (10th Cir. 2001); <u>Payton v. Brigano</u>, 256 F.3d 405, 408 (6th Cir. 2001).

**Equitable tolling of the statute of limitations**

Petitioner is not entitled to the equitable tolling of the statute of limitations.  A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005).

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time.  <u>See</u> <u>Harris</u>, 515 F.3d at 1054-55 & n.4; <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034 (9th Cir. 2003), <u>modified</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> 447 F.3d 1165 (9th Cir. 2006).  Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action.  <u>See</u> <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling is to be rarely granted.  <u>See</u>, <u>e.g.</u>, <u>Jones v. Hulick</u>, 449 F.3d 784, 789 (7th Cir. 2006); <u>Stead v. Head</u>, 219 F.2d 1298, 1300 (11th Cir. 2000) (holding this remedy is "typically applied sparingly").  The petitioner must establish a causal connection between the alleged roadblock to their timely filing of their federal habeas petition and the

-7-

actual failure to file the petition on time. See Gaston, 417 F.3d at 1034; Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir. 2005). It is Petitioner's burden to establish that equitable tolling is warranted in his case. Gaston, 417 F.3d at 1034.

A petitioner's *pro se* status, ignorance of the law, and lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). Additionally, a federal habeas petitioner seeking equitable tolling must also act with "reasonable" diligence "throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000). See also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

The Ninth Circuit Court of Appeals has "rejected a per se rule that a petitioner's language limitations can justify equitable tolling, but [has] recognized that equitable tolling may be justified if language barriers actually prevent timely filing." Mendoza v. Carey, 449 F.3d 1065, 1069-70 (9th Cir. 2006). However, "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library

-8-

personnel, or other source." Id. at 1070.

Petitioner has not met his burden of establishing, pursuant to the standard stated in Mendoza, that he was unable to procure assistance in his own language or that this was the reason for his failure to file a habeas petition within the statute of limitations.

In his reply to the answer to his petition, Petitioner contends he did not have notice of the AEDPA's statute of limitations and argues that, accordingly, to assert the statute of limitations denies him of due process of law. See Reply. Additionally, Petitioner alleges tht he received a document regarding his right to file a Rule 32 action, but that his attorney did not "alert" him to the importance of filing such an action. Id. at 4. Petitioner alleges the plea agreement was not voluntary because he was threatened with a sentence of life imprisonment by his attorney if he did not sign the plea agreement. Petitioner also argues that Arizona's rules regarding actions for post-conviction relief violate the Supremacy Clause and that the state's denial of post-conviction relief denied him his right to access the courts. Id. at 2-4.

With regard to the timeliness of his habeas petition, Petitioner briefly alleges he did not know his constitutional rights were violated until 2007. Petitioner further asserts he did not waive his right to file a federal habeas petition because he did not have notice of the AEDPA's statute of limitations. Id. at 6. Petitioner also alleges he was prejudiced by the inability to acquire legal materials in the

Spanish language so that he could "better understand" his rights. Id. at 7. Petitioner argues that, because his right to file a habeas petition is a fundamental right, unless he waived this right he must be allowed a hearing on the merits of a petition.

Petitioner has not met his burden of establishing that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition, or that any state action was the "but for" cause for his failure to timely file his federal habeas action. See Brown v. Barrow, 512 F.3d 1304, 1306-07 (11th Cir. 2008) (holding the petitioner has a strong burden to plead specific facts supporting their claim of extraordinary circumstances). See also Pace, 544 U.S. at 418-19, 125 S. Ct. at 1815 (concluding that the petitioner was not entitled to equitable tolling because he was not misled or confused about the exhaustion of his state remedies and filing his federal habeas petition). Petitioner has not met his burden of establishing that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition. Compare Sanchez v. Cambra, 137 Fed. App. 989, 990 (9th Cir. 2005). Additionally, Petitioner did not act with reasonable diligence throughout the time period he seeks to toll. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (rejecting a claim to equitable tolling where the petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"). Compare Roy,

-10-

465 F.3d at 969-72.

### III Conclusion

Petitioner failed to file his federal habeas action within the time specified by the AEDPA.   Petitioner has not established that he is entitled to equitable tolling of the statute of limitations.

**IT IS THEREFORE RECOMMENDED** that Mr. Arenas' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.   Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.   Thereafter, the parties have ten (10) days within which to file a response to the objections.   Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered

-11-

a waiver of a party's right to de novo appellate consideration of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).    Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 28th day of May, 2009.


_____
Mark E. Aspey
United States Magistrate Judge

-12-